O

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
DEC - 5 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. TAYLOR,<br><br>    Petitioner,<br><br>v.<br><br>J. TIM OCHOA, WARDEN,<br><br>    Respondent. | Case No. CV 12-9488-GAF (MLG)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. Because jurists of reason would not find it debatable whether this Court was correct in its ruling denying the petition, a COA is denied.

Before a petitioner may appeal the Court's decision denying his petition, a COA must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App.P. 22(b).

The court determines whether to issue or deny a COA pursuant to standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253(c). A COA may be issued only where there has been a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2); *Miller-El*, 537 U.S. at 330. As part of that analysis, the Court must determine whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, See also *Miller-El*, 537 U.S. at 338.

In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the court noted that this amounts to a "modest standard". (Quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)). Indeed, the standard for granting a COA has been characterized as "relatively low". *Beardlee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004). A COA should issue when the claims presented are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483-84, (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); see also *Silva*, 279 F.3d at 833. If reasonable jurists could "debate" whether the petition could be resolved in a different manner, then the COA should issue. *Miller-El*, 537 U.S. at 330.

Under this standard of review, a COA will be denied. In denying the petition for writ of habeas corpus, the Court concluded, for the reasons stated in the Magistrate Judge's Report and Recommendation, that Petitioner had failed to state a cognizable claim for habeas corpus relief because the failure of the California Board of Parole Hearings to set a maximum term and a parole release date prior to determining suitability for parole does not implicate federal due process rights. Petitioner cannot make a colorable claim that jurists

of reason would find debatable or wrong the decision denying the petition. Thus, Petitioner is not entitled to a COA.

Therefore, pursuant to 28 U.S.C. § 2253, the Court DENIES a certificate of appealability.

Dated: December 4, 2012

_____
Gary A. Fees
United States District Judge

Presented By:

_____
Marc L. Goldman
United States Magistrate Judge